**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MARION L. VINES, JR. and
ASHER OIL & GAS EXPLORATION, LLC**                            **PLAINTIFFS**

**v.**                                               **CIVIL ACTION NO. 5:20-cv-115-DCB-MTP**

**WYATT ENERGY RESOURCES, LLC, ET AL.**                            **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the Court on the Motion to Interplead [70] filed by nonparty, Don C. Nelson, and the Motion to Preserve Evidence [94] filed by Plaintiff Marion L. Vines. Having considered the Motions [70] [94], the Court finds that they should be denied.

*Background*

In the spring of 2018, Plaintiff Marion Vines and Defendant Wyatt Energy, LLC entered into an agreement for Vines to provide services for Wyatt Energy's oil and gas operations. *See* [3] at 2.  Eventually, the business relationship between the parties soured, and on March 25, 2020, Plaintiffs filed the instant action in the Circuit Court of Adams County, Mississippi. *See* [1].  Additionally, on March 27, 2020, Wyatt Energy and Wyatt Energy Resources filed a lawsuit against Vines in Texas. *See* [4-8].

On April 23, 2020, the instant action was removed to this Court. *See* [1].  That same day, Defendants filed a Motion to Dismiss and Transfer [2], arguing that this Court lacks personal jurisdiction over many of the Defendants and that the claims against any remaining Defendants should be transferred to the District Court in Texas.  On May 11, 2020, Plaintiffs filed a Motion to Dismiss or Transfer Texas Case [12], arguing that the Court should dismiss the case pending in the District Court of Texas or transfer the case to this Court.

1

On October 27, 2020, the Court denied these Motions [2] [12] without prejudice. *See* Order [29].  The Court noted that discovery concerning jurisdiction and proper venue would help clear up the issues raised in the Motions.  On November 4, 2020, the Court entered an Order [30] allowing the parties to engage in discovery limited to jurisdictional and venue issues.  The deadline for discovery allowed by Order [30] ran on January 15, 2021, and on January 29, 2021, Plaintiffs and Defendants again filed motions seeking dismissals or transfers. *See* Motions [112] [114].

**Motion to Interplead [70]**

On December 16, 2020, Nelson, a nonparty, filed a Motion to Interplead [70].  According to Nelson, he served as in-house counsel for Wyatt Energy, LLC; Wyatt Energy Resources, LLC; Wyatt Ranches of Texas, LLC; and other Wyatt entities until his termination on November 11, 2020.  While Nelson served as counsel for the Wyatt entities, they provided him a laptop computer, which he says contains information personal to him and information pertaining to the Wyatt entities.  The Wyatt entities have been attempting to recover the computer since the time of Nelson's termination.

On December 11, 2020, certain Wyatt entities filed a petition for temporary restraining order in the District Court of Harris County, Texas, concerning the computer. *See* [91-1].  The Texas state court entered a temporary restraining order, restraining Nelson from tampering with the computer, from disclosing confidential information, and from withholding the computer from "a third-party vendor for the purpose of imaging the laptop and establishing a protocol for the separation of Nelson's information from the company." *See* [91-2].

In his Motion [70], Nelson seeks to have this Court take possession of the computer, permit examination of the computer by the parties, determine the rightful owner of the computer,

and discharge Nelson from any liability related to the computer.  Nelson argues that the Court should allow him to interplead the computer pursuant to 28 U.S.C. § 1335, which provides as follows:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>
> (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C. § 1335.

This Court must decide "whether the requirements for rule or statutory interpleader action[1] have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).  "[T]he party seeking the interpleader bears the burden of establishing that the requirements are

---

[1] An interpleader action may be brought under 28 U.S.C. § 1335 or Fed. R. Civ. P. 22, and the requirements of each differ slightly.

satisfied." *State Auto Prop. & Cas. Ins. Co. v. Burnett*, 2017 WL 4355826, at *6 (N.D. Miss. Sept. 29, 2017).

Nelson argues that the requirement of § 1335 are met because the computer is worth more than $500.00 and two or more diverse claimants have adverse claims of entitlement to the computer.  According to Nelson, the Wyatt entities are demanding the computer, Plaintiff Vines is seeking the computer because he believes it contains information which may be relevant to this action, and Nelson "is desirous of keeping his computer and its electronic data."  Nelson also states that federal criminal investigative authorities may want the computer and its data as evidence for their investigations.

In its Response [105], Wyatt Energy Resources, LLC argues that Plaintiff Vines does not have a claim to the computer, and that the remaining claimants are not diverse.  Section 1335 requires two or more adverse claimants, who claim or may claim the property.  There is no assertion that Vines has an ownership interest in the computer or is otherwise entitled to the computer.  Instead, Vines seeks information which may be stored in the computer as part of discovery in this action.  Interpleader is not a procedure for acquiring discovery; it is "an equitable remedy that has long existed for the purpose of enabling a neutral stakeholder . . . to shield itself from liability for paying over the stake to the wrong party." *State Auto*, 2017 WL 4355826, at *5.  Without a claim to the computer, Vines is not an adverse claimant under § 1335.

Moreover, neither Nelson nor Vines points to any discovery request or subpoena seeking information which may be stored on the computer, and the limited jurisdictional discovery allowed at this stage of the case ceased on January 15, 2021.  Vines did not seek additional time for discovery or argue that additional discovery is needed before the Court can decide the jurisdictional and venue issues.  In fact, on January 29, 2021, Vines and the other Plaintiffs filed

4

a Motion to Dismiss or Transfer [114], arguing that this Court has the information necessary to decide these issues.

Excluding Vines, the interested parties, as listed by Nelson, are the Wyatt entities, Nelson, and "federal authorities." The Court must first disabuse Nelson and the parties of the notion that the Court is interested in speculation about potential criminal investigations or what interests "federal authorities" might have in the parties. In several filings, Nelson and Plaintiffs have invited the Court to consider in its analysis the possibility of future criminal investigations against Defendants and others. The Court has declined as such suggestions are of no import to this case or the Motions at issue. The parties have not identified any related criminal matters that are pending before the Court, and neither the Department of Justice nor any other federal agency has entered an appearance, attempted to appear, or expressed any interest in this civil matter. Returning to the specific issue of interpleader, Nelson has failed to show that "federal authorities" have any interest in the computer as necessary for interpleader under § 1335.

That leaves Nelson and the Wyatt entities.[2] The Court notes that Nelson explained he "is desirous of keeping" the computer, but did not explain what right he has to the computer outside of certain information stored therein. Nonetheless, the dispute between Nelson and the Wyatt entities over ownership of the computer cannot be decided by this Court. Section 1335 requires that the adverse claimants be of diverse citizenship. Nelson is a citizen of Texas. *See* Nelson Declaration [96-1].[3] All the Defendants in this case are citizens of Texas. *See* Notice of Removal

---

[2] It bears mentioning again that the issue of whether Nelson or the Wyatt entities are entitled to the computer is currently pending in a Texas state court, where essentially the same relief sought by Nelson has been ordered.

[3] In his Declaration [96-1], filed on December 31, 2020, Nelson states as follows: "I am a citizen of the State of Texas and reside in Harris County, Texas."

[1] at 4-6.  Without diversity of citizenship, this Court does not have jurisdiction to hear this dispute.

Even if the Court had jurisdiction, Nelson has failed to demonstrate that his dispute with the Wyatt entities over the computer should be adjudicated in the middle of someone else's case.

**Motion to Preserve Evidence [94]**

In his Motion to Preserve Evidence [94], Vines asks the Court to "retain possession of the Laptop until such time as a protocol can be established to allow and ensure access by parties to this civil action to unprivileged information contained on the Laptop."  As set forth *supra*, the Court finds that the Motion to Interplead [70] should be denied and, thus, will not take possession of the computer.  As the Court will not take possession, a protocol for access to the computer is unnecessary at this time.  Additionally, the limited discovery allowed by this Court ceased on January 15, 2021, and therefore, no discovery is needed or permitted at this time.  The Court will deny the Motion [94].

The parties are reminded that they have a duty to preserve evidence when they know or should know that the evidence is relevant to pending or future litigation. *See Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).  However, it is neither necessary not practical for a court to take possession of materials or documents that parties may ultimately use in a case.

IT IS, THEREFORE, ORDERED that:

1.  The Motion to Interplead [70] is DENIED, and

2.  The Motion to Preserve Evidence [94] is DENIED.

SO ORDERED this the 3rd day of February, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE